CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 16 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANTHONY ROMAN, | ) | Civil Action No.: 7:10-cv-524 |
| | ) | |
| Plaintiff, | ) | Memorandum Opinion |
| v. | ) | |
| | ) | Hon. James C. Turk |
| SAM'S CLUB/WALMART, et al., | ) | Senior United States District Judge |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Anthony Roman's ("Roman") Motion for Extension of Time to file a Notice of Appeal. ECF No. 81. For the reasons that follow, the Court will GRANT the motion.

I.     LEGAL STANDARD

A Notice of Appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). The Court may extend this time if: "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). Accordingly, Roman must demonstrate either good cause[1] or excusable neglect in order to be granted an extension of time to file a Notice of Appeal.

---

[1] The good cause standard used to be applicable only when a motion for extension of time was filed within the initial 30-day period. See Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 532-33 (4th Cir. 1996). However, the 2002 amendments to Rule 4(a) superseded this distinction. See Fed. R. App. P. 4(a)(5)(A)(ii),

1

## II. FACTS AND PROCEDURAL HISTORY

After the Court granted the Defendants' Motion for Summary Judgment, ECF No. 80, on January 7, 2013, Roman had 30 days to file a Notice of Appeal. Roman mailed a Motion for Extension of Time to file the Notice of Appeal, pursuant to Fed. R. App. P. 4(a)(5)(A), on February 7 and the motion was docketed on February 8, 2013, respectively thirty-one and thirty-two days after the entry of judgment. See ECF No. 81. Defendant Sam's East ("Defendant") filed a response in opposition to the Motion for Extension on February 20, 2013 arguing that good cause was inapplicable under Thompson and that Roman failed to establish excusable neglect. ECF No. 82. On March 11, 2013, this Court ordered Roman to show excusable neglect or good cause for his failure to file the Notice of Appeal within the 30-day deadline. ECF No. 87. Roman responded to that Order on March 21, 2013, in which he argued that his failure to timely file a Notice of Appeal was the result of his disabilities, including neuropathy in his hands and feet and diabetes, which renders him incontinent and extremely exhausted. ECF No. 88. Defendant filed a reply to Roman's response on April 2, 2013, arguing the Roman failed to demonstrate good cause or excusable neglect. ECF No. 89.

## III. ANALYSIS

The advisory committee to the 2002 amendments differentiated between "excusable neglect" and "good cause" as follows:

---

Advisory Committee Notes to the 2002 Amendments. The Advisory Committee explicitly noted that the rule was amended to correct a misunderstanding by several courts of appeals, stating:

> A motion for an extension filed prior to the expiration of the original deadline may be granted if the movant shows either excusable neglect or good cause. Likewise, a motion for an extension filed during the 30 days following the expiration of the original deadline may be granted if the movant shows either excusable neglect or good cause.

id.; see also Gibbons v. United States, 317 F.3d 852, 853 n.3 (8th Cir. 2003).

2

The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault-excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

Fed. R. App. P. 4(a)(5)(A)(ii), Advisory Committee Notes to the 2002 Amendments.

While there appears to be no clear test for good cause, the Fourth Circuit has noted that good cause is a more lenient standard than excusable neglect. Thompson, 76 F.3d at 533; see also Price v. Gen. Cable Indus., Inc., 466 F. Supp. 2d 610, 613 (W.D. Pa. 2006) (noting little development in the case law since the Seventh Circuit reported uncovering no decisions on the meaning of good cause in a 1990 opinion); United States v. De La Paz, M-11-396-7, 2012 WL 6964333, at *2 (S.D. Tex. Oct. 25, 2012) report and recommendation adopted, M-11-396-7, 2013 WL 371655 (S.D. Tex. Jan. 29, 2013) ("Although there is no specific test for 'good cause,' it is generally a more lenient standard." (citing Britt v. Whitmire, 956 F.2d 509, 511 (5th Cir. 1992)). The determination of what constitutes excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). The most important factor[2] is the reason for the failure to timely file a notice. Id. at 534.

The decision whether to grant an extension of time is in the discretion of the district court. Thompson, 76 F.3d at 532 & n.2. Although the Defendant argues that Roman has failed to present evidence to establish that his medical conditions prevented him from timely filing a Notice of Appeal, this Court has had the opportunity to observe Roman, a pro se plaintiff, and

---

[2] The Supreme Court identified four factors: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Thompson, 76 F.3d at 533 (quoting Pioneer, 507 U.S. at 395).

finds his claims of disability to be genuine. Additionally, the Court has reviewed the cases cited by Defendant in its reply, ECF No. 89, but finds that Roman's disabilities are sufficient to support findings of good cause or excusable neglect for his delay in filing a Notice of Appeal.

ENTER: This 16th day of April, 2013.

/s/ James C. Turk
Hon. James C. Turk
Senior United States District Judge